[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12059

_____

Agency No. A77-243-559

MARIA G. GARCIA,

                                                                 Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                 Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 11, 2006)**

Before TJOFLAT and HULL, Circuit Judges, and RESTANI[*], Judge.

PER CURIAM:

_____

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Maria Garcia petitions this Court for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of removal entered by the Immigration Judge ("IJ"). After review and oral argument, we grant Garcia's petition.

Garcia is a citizen and native of Nicaragua. In December 1999, Garcia was paroled into the United States through Miami, Florida. On May 20, 2002, the Department of Homeland Security ("DHS") issued Garcia a notice to appear, charging that she was removable under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), for being an alien present in the United States without valid documentation.

On July 29, 2002, Garcia's husband, a United States citizen, filed on Garcia's behalf an application for adjustment of status based on their marriage. At the removal hearing before the IJ, Garcia conceded that she was removable but requested a continuance while her petition for adjustment of status was processed. The government argued that Garcia was ineligible for adjustment of status because she was an arriving alien in removal proceedings. See 8 C.F.R. § 245.1(c)(8) (providing that "[a]ny arriving alien who is in removal proceedings pursuant to section 235(b)(1) or section 240 of the Act" is ineligible to apply for adjustment of status). On September 30, 2003, the IJ concluded that Garcia, as an arriving alien,

2

was ineligible to seek adjustment of her status in removal proceedings. The IJ noted that Garcia had admitted the allegations and conceded the charge against her, and thus the IJ entered an order of removal.

Garcia appealed the IJ's decision to the BIA. Before the BIA issued a decision, the First Circuit issued its decision in Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005), holding that 8 C.F.R. § 245.1(c)(8), the regulation precluding Garcia from seeking adjustment of status, was invalid. Based on Succar, Garcia filed a supplemental motion to remand her case to allow her to adjust her status. Garcia also filed a motion to reopen.

The BIA denied Garcia's motions to remand and to reopen and affirmed the IJ's order of removal, concluding that Garcia was an arriving alien and thus was ineligible for adjustment of status. The BIA recognized the First Circuit in Succar had invalidated the regulation at issue, but stated that because the case arose in the Eleventh Circuit, it remained bound by the regulation.

Garcia then petitioned this Court for review of the BIA's order. The only issue in Garcia's petition is the validity of 8 C.F.R. § 245.1(c)(8). This Court recently addressed this same issue in Scheerer v. United States Attorney General, — F.3d —, Nos. 04-16231 & 05-11303, 2006 WL 947680 (11th Cir. Apr. 13,

3

2006), and concluded that the regulation is invalid.[1]  Thus, based on <u>Scheerer</u>, we

grant Garcia's petition for review, reverse the BIA's September 30, 2003, order,

and remand the case to the BIA for further proceedings consistent with this opinion

and <u>Scheerer</u>.

       **PETITION GRANTED.**

---

[1]The regulation at issue in <u>Scheerer</u> was 8 C.F.R. § 1245.1(c)(8), which is identical to the regulation at issue here, 8 C.F.R. § 245.1(c)(8).  Accordingly, precedent interpreting each of the regulations guides our interpretation of the other.  <u>See</u> <u>Scheerer</u>, 2006 WL 947680, at *6 & n.13 (noting that the two sections are identical and analyzing cases interpreting both).  Neither party disputes the application of cases interpreting § 245.1 to this case.  Thus, the <u>Scheerer</u> decision controls here even though the regulations are differently numbered.